# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Scott, et al                                         Civil Action No. 17-00245

versus                                                  Judge Rebecca F. Doherty

Perma-Pipe Inc et al                      Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Currently pending before the undersigned on referral from the district judge is a Motion For Leave To File Supplemental And Amending Petition Pursuant to Local Rule 7.6 And Motion To Remand To State Court filed by Plaintiffs, Kevin Joseph Scott and Carlar Marie Alexander Scott ("Plaintiffs") [Rec. Doc. 15], Memorandum In Opposition filed by Flexicrew Staffing Inc. ("Flexicrew") and Starr Indemnity & Liability Company ("Starr") (collectively referred to as "Defendants") [Rec. Doc. 18], Plaintiffs' Reply thereto [Rec. Doc. 24] and Defendants' Sur-reply [Rec. Doc. 27]. For the following reasons, the undersigned will recommend that the Motion be denied.

## *I. Background*

On November 25, 2013, plaintiff, Kevin Scott was working for his employer, Advantage Human Resourcing, Inc.("Advantage"), on the premises of Perma-Pipe, Inc., when he sustained injuries as a result of an industrial pipe rolling off of a

conveyor belt. On October 8, 2014, plaintiffs filed suit against Perma-Pipe in the Sixteenth Judicial District Court, Parish of Iberia. Perma-Pipe removed the action on May 18, 2015, asserting diversity jurisdiction under 28 U.S.C. 1332. *See Scott et al v. Perma-Pipe Inc et al, 6:15-cv-01715 ("Perma-Pipe I")*. On July 30, 2015, the court granted Plaintiffs' motion to remand finding that while diversity jurisdiction existed the removal was untimely. *Id.*

During the course of discovery in state court, Plaintiffs contend they determined that Perma-Pipe had outsourced a portion of its work to various contractors, including Flexicrew. On July 8, 2016, Plaintiffs served a subpoena duces tecum on Flexicrew (a non-party) requesting copies of contracts with Perma-Pipe as well as all liability insurance policies covering Flexicrew for the time period of the alleged injuries. *R. 1-4, p. 84.*

Plaintiffs further contend that following litigation over the discovery request, Flexicrew's counsel represented there was no CGL policy in existence, but produced a copy of an excess/bumbershoot Commercial Marine policy ("Marine Policy"), number MASILAT000019011, which referenced an excess policy, number MASILAT000019013, both issued by Starr to "Flexicrew Staffing Inc." The Marine Policy included a named assured endorsement for "FC Staffing, Inc." *R. 15-2, p. 5.* Also, notations in the Marine Policy revealed an underlying CGL policy issued by

Gray Insurance Company ("Gray") to "FC Staffing" during the pertinent time period, bearing policy number XSGL07402, with primary limits of $1,000,000. *R. 15-3, pp. 0001-0003, 0019.* Perma-Pipe made a supplemental document production to Plaintiffs which provided a Certificate of Insurance issued by Gray to "FC Staffing, Inc" denoting the policy number XSGL07402 ("the Gray Policy"). *15-3*. Plaintiffs note that this Certificate contains the handwritten notation "Flexicrew" next to "FC Staffing, Inc." under the heading "INSURED." They further note that the address is the same as Flexicrew Staffing, Inc. *Id.*

On December 5, 2016, Plaintiffs filed their First Supplemental and Amending Petition adding, *inter alia*, Flexicrew and Starr as defendants.[1] *R. 1-6, p. 15*. Service of process was made on Starr on January 11, 2017. *R. 1-7, p. 124.* Thereafter, on February 8, 2017, Starr removed the action asserting that this Court has diversity jurisdiction under 28 U.S.C. 1332—as found in the previous removal of this action. *R. 1*; *See Scott et al v. Perma-Pipe Inc et al, 6:15-cv-01715 ("Perma-Pipe I")*. On February 10, 2017, Starr and Flexicrew filed an Answer to Plaintiffs' Complaint. *R. 6.* On March 10, 2017, Plaintiffs filed the instant motion for leave to amend their complaint to join Gray, a Louisiana insurance company and non-diverse party, under the Louisiana Direct Action Statute and to remand this action.

---

[1] Plaintiffs alleged that the negligence of Flexicrew through its employees, in particular Johnson Bernard, caused his injuries. *R. 1-6, p. 16, ¶ 2(A).*

## II. Contentions Of The Parties

Plaintiffs contend that "[t]hey have an independent right to seek coverage under a policy provided to Perma-Pipe as evidence that Flexicrew and its employees were insured for the very operations that injured Plaintiffs." *R. 15*. They argue that the allegations in their proposed amended complaint are "more than ample" to state a direct action claim against Gray for issuing the Gray Policy. *Id.* In the alternative, they object to the removal of this action as untimely "as it was effected more than one year after the case first became removable." *Id.*

Defendants Flexicrew and Starr argue that their review of a copy of the Gray Policy, (policy No. XSGL074072) revealed that Flexicrew was not the named insured nor an additional insured on the policy. Rather, the Gray Policy was written to FC Staffing, Inc. They concede that review of the Starr Marine Excess Insurance policy No. MASILA00019013 issued to Flexicrew ("the Excess Policy") is somewhat confusing in that the Excess Policy lists the Gray Policy, No. XSGL074072, *R. 15-2, p. 3*, however, the Gray Policy covers a separate company—FC Staffing, Inc. To further confuse matters, they note that "underlying Starr policy No. MASILA00019013 [the Excess Policy] specifically does not cover FC Staffing, Inc." *R. 18, p. 3.* As to the removal issue, Defendants argue that Plaintiffs' amended complaint adding negligence claims against a new party—Flexicrew and its

4

insurer—provides an exception for removal outside of one year under 28 U.S.C. 1446.

### *III. Law &Analysis*

In the Motion to Amend Pleading and Remand, Plaintiffs seek to add Gray, a Louisiana insurance company, as a party defendant. Plaintiffs assert that the non-diverse citizenship of Gray would defeat complete diversity, requiring remand of this case. Alternatively, Plaintiffs seek remand based on the alleged untimeliness of the removal of this action. Defendants oppose the motion on the grounds that joinder would be improper because no cause of action exists against Gray, and because Plaintiffs' motion was filed to defeat removal. With regard to the issue of timeliness of removal, Defendants assert that the removal of this matter falls within the universal exceptions to the one-year prohibition for removal.

*A. Motion to Amend to Add Non-Diverse Defendant*

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v.*

*Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id*. Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted.... [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 873 (quotations and citations omitted); accord *Fenghui Fan v. Brewer*, 377 Fed.Appx. 366, 367 (5th Cir. 2010).

When an amendment after removal from state court would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder, or permit joinder and remand the action to the State court." The language of Section 1447(e) is entirely permissive. Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir.1987) to determine whether the

6

proposed amendment should be permitted. Even though the parties do not address *Hensgens*, the Court will consider the factors as follows.

   1. *Application of the Hensgens Factors*

      a. *The Purpose of the Amendment*

The first *Hensgens* factor is the extent to which joinder of Gray, a non-diverse party, is sought to defeat diversity jurisdiction. A plaintiff's principal purpose is not to destroy diversity jurisdiction as long as the plaintiff states a potentially valid claim against the new defendant. *See Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir.1991); *Jackson v. Wal–Mart Stores, Inc.*, 2003 WL 22533619, at *1 (E.D.La. Nov.6, 2003). Thus, when examining the first *Hensgen*s factor, courts consider the validity of the claims against the nondiverse defendant: When a plaintiff states a potentially viable claim against the nondiverse defendant it seeks to join, the plaintiff's principal purpose is not deemed to defeat diversity jurisdiction. *Andrews Restoration, Inc. v. National Freight, Inc.*, 2015 WL 4629681, at *2 (N.D.Tex.,2015); *see Jade Marine, Inc. v. Detroit Diesel Corporation*, 2002 WL 31886726, at *2-*3 (E.D.La., Dec.20, 2002) (permitting an amendment joining a non-diverse defendant where the plaintiff had a cause of action against that defendant under Louisiana law). "On the other hand, if the claims against the nondiverse defendant are not viable, this factor clearly weighs in favor of denying joinder." *Andrews* at *2; *see Smith v. Robin*

*America, Inc.*, 2009 WL 2485589, at *5 (S.D.Tex., Aug.7, 2009) (rejecting joinder of nondiverse landlord because plaintiffs failed to state a "cognizable claim" against the landlord when "landlord liability could not arise in these circumstances"). If Plaintiffs allege even one viable claim against Gray, however, the Court would not conclude that the principal purpose of the proposed amendment is to defeat diversity jurisdiction. *Bonilla v. America's Servicing Co.*, 2011 WL 3882280, at *3 (S.D.Tex. Sept.2, 2011).

Defendants contend that Plaintiffs seek to add Gray as a fraudulent party to defeat diversity in this matter in that Plaintiffs have no viable cause of action, Direct Action or otherwise, against Gray because the insurer never issued a policy of insurance to Flexicrew, during the time period at issue.[2] The record contains the affidavit of Amy March, the Director of Safety and Risk Management for Flexicrew. *R. 18-2.* March states that "FC Staffing, Inc is a sister company of Flexicrew Staffing, Inc" and that "Flexicrew Staffing Inc and Flexicrew, Inc are the same company." March further states that Flexicrew was neither an insured nor an additional insured under any of the Gray policies at issue. She represents that Flexicrew was not insured

---

[2] Naming a non-diverse party against whom there is no reasonable possibility of recovery provides evidence that [the plaintiff] filed the motion to join [the non-diverse party] in order to destroy federal jurisdiction. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991). The concomitant filing of a motion to remand on the basis of destruction of diversity with the motion to join [the non-diverse party] strongly supports this conclusion. *See Smith*, 2009 WL 2485589, at *5.

by Gray before June 30, 2015. The affidavit of John G. Simpson, Jr., Vice President – Underwriting for Gray, states and confirms that "prior to June 30, 2015," Gray did not provide any insurance to Flexicrew. *R. 18-3*. Finally, Plaintiffs' own exhibits provide the Louisiana Secretary of State's information stating that Flexicrew Staffing Inc. and FC Staffing Inc. exist as separate corporations. *R. 24-2*.

Plaintiffs' motion to amend the complaint to add Gray is based solely on speculation that because Gray issued policies to FC Staffing, Inc., Gray also insured Flexicrew. As set out in the foregoing, the evidence in the record contradicts and dispels Plaintiffs' speculation and establishes that Plaintiffs do not have a viable claim against Gray. Thus, the first *Hensgens* factor clearly weighs against permitting amendment. Furthermore, dicta in *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir.1999) states that where there is no cognizable claim, joinder would never be granted so as to defeat diversity jurisdiction.[3] For the sake of completeness, however, the Court will consider the remaining *Hensgens* factors.

---

[3] "A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction would never be granted. Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join." *Id. at* , 677 - 678.

*b. Dilatoriness*

The second *Hensgens* factor relates to the timing of the proposed joinder, and there is no set timetable for when a proposed amendment reflects dilatoriness. In general, courts have found plaintiffs not to be dilatory when the plaintiff amends his complaint "before any trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Herzog v. Johns Manville Products Corp.*, 2002 WL 31556352, at *2 (E.D.La. Nov.15, 2002). Here Plaintiffs could have moved to join Gray by December 5, 2016, when they filed their first amended complaint adding Flexicrew and Starr. In light of the circumstances surrounding the discovery related to Flexicrew and Gray at the time they were non-parties, however, the Court does not find that their motion was dilatory.

*c. Injury to Plaintiffs*

The third *Hensgens* factor looks to whether denying amendment would cause prejudice. The Court finds that, as there is no possibility of recovery against Gray, there is no chance of prejudice. Thus, this factor weighs against granting the motion to amend.

*d. Equitable Factors*

The final *Hensgens* factor requires this Court to consider "any other factors bearing on the equities." The main concern at issue here is that Defendants will be

deprived of the federal forum they properly invoked. Thus, this factor weighs heavily against allowing amendment. After considering the *Hensgens* factors, the Court concludes that amendment should be denied.

*B. Motion to Remand Based on Untimely Removal*

Pursuant to 28 U.S.C. § 1446(a), a defendant or defendants desiring to remove a civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in the action. Such notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b)(1). If a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, though service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that he case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). However, a case may not be removed on the basis of diversity jurisdiction more than 1 year after commencement of the action,

unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

Plaintiffs filed their original Petition for Damages solely against Perma-Pipe, on October 8, 2014. Plaintiffs did not file their First Supplemental and Amending Petition adding Flexicrew and Starr until December 5, 2016. Service of process of the Supplemental and Amending Petition was made on Starr on January 11, 2017. This matter was then removed on February 8, 2017, *R. 4*.

While Plaintiffs provide no authority, statutory or jurisprudential, for their contention that the removal of this matter was untimely, Defendants cite *Gore v. Robertson, et al*, 215 W.L. 5749459 (M.D. La. 9/30/15) in support of their argument that removal after one year is allowed under circumstances such as those in this case. Specifically, they contend that because Flexicrew has been added based on the alleged wrongful action of its employees as well as other claims of negligence, the removal by Starr falls within the exceptions to the one year prohibition for removal.

In *Gore*, the lawsuit involving a motor vehicular accident was removed after the plaintiff executed a *Gasquet* settlement and more than one year after it was originally filed. *Id at *1*. The plaintiff originally filed a claim against the driver that hit him, and over one year later supplemented his petition by filing a claim for a defect in the defendant's vehicle. *Id at *2*. The claim against the defendant driver was

12

settled and the added defendant remained to be litigated. *Id.* Thereafter, the added defendant removed the suit less than one year after the date on which the supplemental petition that added the new claim was filed. *Id.*

In his consideration of whether or not removal was timely in *Gore*, Judge Brian Jackson noted that after the 2012 amendment of 28 U.S.C. § 1446, removal after one year was still allowed in various situations. *Id at *4* (quoting *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006)). Judge Jackson stated "the Circuit concluded that 'a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, commenced by the process which brings him into court." *Id.* Noting that *Braud* involved a CAFA Action, he further stated that "[these rationales] are not exclusive to CAFA Actions; the reasoning there addressed concerns due process that are fundamental to our judicial system in all categories of cases." *Gore at *4*. Ultimately, Judge Jackson stated,

> Plaintiff would have this Court deny [the new defendant] the opportunity to remove this action to federal court, even though Plaintiff would have the full panoply of legal and strategic opportunities available to him to pursue a new legal theory against a new defendant. As the Fifth Circuit has stated, " '[t]here is a constitutional right to a fair trial in a civil case.' " *Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996). [Plaintiff's] request here essentially asks the Court to allow him certain procedural advantages at [the new defendant's] expense.

*Id.*

13

Here, Flexicrew has been added based upon the alleged wrongful action of its employees, as well as numerous other claims of negligence. As in *Braud* and *Gore*, the additional claims filed in this case were filed against new defendants who had no prior knowledge of the action or of the claims filed against the other defendants. *See Gore* at *5 (citing *Braud*, 445 F.3d at 802). In light of the foregoing jurisprudence, the Court finds that the removal by Starr was timely.

### *IV Conclusion*

For the foregoing reasons, as the undersigned finds there is no reasonable possibility of recovery against Gray Insurance Company in this action and Defendant, Starr Indemnity & Liability Company's, removal was timely filed; the undersigned therefore recommends that the Motion For Leave To File Supplemental And Amending Petition Pursuant to Local Rule 7.6 And Motion To Remand To State Court filed by Plaintiffs, Kevin Joseph Scott and Carlar Marie Alexander Scott ("Plaintiffs") [Rec. Doc. 15] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc.72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy

copy of any objections or responses to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by fed.r.civ.p. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed this 24th day of May, 2016, at Lafayette, Louisiana.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**